STATE of Tennessee, Appellee,

v.

Michael E. INGRAM, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

Oct. 19, 1998.

Collier W. Goodlett, Assistant Public
Defender, Clarksville, for Appellant.

John Knox Walkup, Attorney General &
Reporter, Elizabeth B. Marney, Assistant
Attorney General, Nashville, John Carney,
District Attorney General, Clarksville, for
Appellee.

## *ORDER*

GARY R. WADE, Presiding Judge.

The defendant, Michael E. Ingram, appeals the trial court's revocation of his probation. On August 26, 1994, the defendant pled guilty to aggravated burglary and received a three-year suspended senience. Almost three years later, the trial court revoked probation and ordered the defendant to serve the balance of his sentence in TDOC.

Defense counsel has filed an *Anders* brief claiming he has reviewed the record and "finds no non-frivolous appellate issues." Defense counsel has also moved to withdraw and asks for sixty (60) days for the defendant to file a pro se supplemental brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In *Anders*, the appellant's attorney had submitted only a letter on behalf of his client conceding that the appeal had no merit, 386 U.S. at 739, 87 S.Ct. 1396. While expressing concern about whether defense counsel had fulfilled his role of advocate, the Supreme Court did set forth the procedures appointed counsel should follow when his considered opinion is that there is no basis for an appeal:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

*That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.* A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous), it must . . . afford the indigent the assistance of counsel to argue the appeal.

*Anders,* 386 U.S. at 744, 87 S.Ct. 1396 (emphasis added).

 In our view, defense counsel has failed to comply with the requirements of *Anders.* First, the brief concedes that "no transcript [of the revocation hearing] was prepared." Second, counsel's *Anders* brief does not contain any references "to anything in the record that might arguably support the appeal." A one-sentence statement of the issue for review does not fulfill the requirements of *Anders.* Most significantly, however, without a record of the revocation proceedings, this court cannot perform its duty to conduct a "full examination of all the proceedings" to determine whether the appeal is in fact wholly frivolous.

Defense counsel's motion to withdraw must be denied. Counsel must take the following steps:

1. Have a transcript of the revocation hearing prepared. Such transcript shall be completed within thirty days of the filing of this opinion.

2. Conduct a conscientious examination of the record to determine whether there are any viable issues that this court should address.

3. If counsel finds any viable issues, he shall file a brief with this court setting forth those issues.

4. If counsel determines the appeal is wholly frivolous, counsel may advise the court of this matter and file a motion requesting to withdraw. Accompanying the motion to withdraw, but filed as a separate document, counsel should file a brief referring to anything in the record which might arguably support the appeal. A copy of counsel's brief shall be furnished to the defendant by certified mail, return receipt requested. The return receipt will then be filed with the Clerk of this Court and will become part of the record in this cause.

5. Counsel shall have sixty days from the filing of this opinion to file a brief. Should counsel proceed under *Anders,* the defendant will have thirty days from the date that he received his copy of his counsel's brief to file an additional brief raising any points that he chooses.

6. The state will be allowed thirty days from the date defense counsel's brief is filed to file its reply. If defense counsel proceeds under *Anders,* the state shall have thirty days from the date the defendant's pro se pleading is filed to file its reply.

7. After these documents, along with a complete record, are filed, the case will be redocketed.

Accordingly, the cause is continued on the docket of this court.

WOODALL and WITT, JJ., concur.